**Mohamed BARRIE, Petitioner,**

v.

**Alberto GONZALES, Attorney
General, Respondent.**

No. 06–3459–ag.

United States Court of Appeals,
Second Circuit.

Sept. 19, 2007.

Matthew J. Harris, of counsel to Eric A.
Wuestman, New York, N.Y., for Petitioner.

Daniel G. Lonergan, Trial Attorney, for
Peter D. Keisler, Assistant Attorney General, Civil Division, Washington, D.C., for
Respondent.

PRESENT: Hon. WALKER, Hon.
GUIDO CALABRESI, Hon. ROBERT D.
SACK, Circuit Judges.

## SUMMARY ORDER

Petitioner Mohamed Barrie, a native and citizen of Sierra Leone, petitions for review of the June 23, 2006 decision of the BIA affirming the February 22, 2005 decision of Immigration Judge ("IJ") Paul DeFonzo denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In Re Mohamed Barrie,* No. A79–305–160 (B.I.A. June 23, 2006), *aff'g* No. A–79–305–160 (Immig. Ct. N.Y. City Feb. 22, 2005). We assume the parties' familiarity with the facts of this case, its procedural posture, and the decision below.

Where, as here, the BIA does not expressly adopt the IJ's decision, but writes a brief opinion closely tracking the IJ's reasoning, this Court may for the sake of thoroughness consider both the IJ's and the BIA's decisions, at least as long as doing so does not affect the Court's ultimate conclusion. *Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the agency's factual findings under the substantial evidence standard. *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 310–312 (2d Cir.2007) (en banc); *see also* 8 U.S.C. § 1252(b)(4)(B) (codifying this standard).

Both the IJ and the BIA concluded that Petitioner had demonstrated past persecution on account of political opinion, thus giving rise to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *Islami v. Gonzales,* 412 F.3d 391, 397–98 (2d Cir.2005). They also both concluded, however, that changed country conditions in Sierra Leone sufficed to rebut this presumption.

Evidence in the record shows that the civil war in Sierra Leone has ended, that the rebel group which persecuted Petitioner has been largely disbanded, and that the party Petitioner supported has won power in a free and fair election. Petitioner has presented some evidence of continuing instability in Sierra Leone, but nothing sufficient to form the basis of a well-founded fear of future persecution. *See Melgar de Torres v. Reno,* 191 F.3d 307, 314 n. 3 (2d Cir.1999). Specifically, Petitioner has presented no evidence that the group which persecuted him continues to carry out such activities. Under the circumstances, we cannot say that the IJ and BIA erred in concluding that Petitioner's presumption of a well-founded fear of future persecution had been rebutted.

Petitioner also seeks "humanitarian asylum," a discretionary grant of asylum available to an applicant who has demonstrated both past persecution and "compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution. . . ." 8 C.F.R. § 1208.13(b)(1)(iii)(A). Our recent decision in *Jalloh v. Gonzales,* 498 F.3d 148 (2d Cir.2007), a case with nearly identical facts, binds us here, and we must therefore reject this claim.

The petition for review is DENIED.